UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RONALD ACKRIDGE,

                    Petitioner,

    - against -

WARREN BARKLEY,

                    Respondent.
----------------------------------------------------------------x



06 Civ. 3891(CS)(LMS)

**ORDER ADOPTING
REPORT AND
<u>RECOMMENDATION</u>**

Seibel, J.

    Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Lisa Margaret Smith dated July 29, 2008 (Doc. 48). Judge Smith recommended denial of Petitioner's motion under Fed. R. Civ. P. 60(b) for relief from judgment in this *habeas corpus* case filed pursuant to 28 U.S.C. § 2254. Familiarity with the prior proceedings in this case is presumed.

    A district court reviewing a Magistrate Judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party submits timely objections to a report and recommendation, as Petitioner has here, the district court reviews the parts of the report and recommendation to which the party objects under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

    This Court concurs that the relief Petitioner seeks is beyond the scope of Rule 60(b) and must be sought via a request to file a second or successive petition under 28 U.S.C. § 2254(b). Petitioner attacks Judge Smith's recommendation that his petition be denied, and presumably

1

Judge Brieant's subsequent adoption of that recommendation; such an attack on the merits is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Further, where, as here, a Petitioner seeks to introduce new evidence, such an application is properly regarded as a second or successive petition, even if nominally brought pursuant to Rule 60(b). *See id.* at 531. Regardless of whether the new evidence was willfully omitted from the first petition or not, the introduction of new evidence means the Petitioner is seeking reconsideration of the merits (which may be done only by another petition), not attacking the integrity of the earlier federal proceedings (which may be done via Rule 60(b)). *See id.* at 532 n.5. Thus, permitting the Rule 60(b) motion here would circumvent the requirement that a second or successive petition may be brought only if the Court of Appeals certifies that it falls within an exception to the prohibition of second or successive petitions in 28 U.S.C. § 2244(b). Petitioner seems to contend that newly provided affidavits establish a high probability of his actual innocence, and thus qualify him to file a second or successive petition under 28 U.S.C. § 2244(b)(2). Putting aside whether the affidavits reach that threshhold, the proper vehicle for presenting such a claim is not a Rule 60(b) motion, but rather an application to the Court of Appeals for permission to file such a second or successive petition. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004); *Pimentel v. United States*, Nos. 96 Civ. 5891 (JFK), 91 Cr. 83 (JFK), 2008 WL 2151796, at *5 (S.D.N.Y. 2008). Accordingly, the motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is **DENIED**.

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.

Dated: October 7, 2008
       White Plains, New York